UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD SHEPARD                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 2:24-CV-39-TBM-RPM

U.S. MARSHAL SERVICE AND TASK
FORCE                                                                                              DEFENDANT

### REPORT AND RECOMMENDATION

This matter is before the undersigned on Plaintiff Harold Shepard's motion to proceed *in forma pauperis*.  Doc. [2].  Plaintiff filed the instant *pro se* complaint on March 11, 2024, alleging that members of the U.S. Marshal's Service and Task Force trespassed on his property, repeatedly subjected him to a Long-Range Acoustic Device ("sound cannon"), repeatedly shot pellets at his house, attempted to kill him, blocked his telephone internet operations and altered his files and apps, followed him around, and interfered with his health care.  Doc. [1] [3] [4].

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982).  The determination to grant pauper status is based solely on the plaintiff's economic status.  *Mitchell v. Sheriff Dep't*, 995 F.2d 60, 62 n.1 (5th Cir. 1993).  The Court must examine the demand on plaintiff's financial resources, including whether the expenses are discretionary or mandatory.  *Prows*, 842 F.2d at 140.  One need not be absolutely destitute to enjoy the benefit of the statute.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

There is no bright line test for determining if a person is indigent; and the decision to grant pauper status is within the Court's discretion.  *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir.

1981). The Court, in exercising its discretion, considers the following factors: Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975). Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969). Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins*, 335 U.S. at 337. "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, 2009 WL 3431457 (S.D. Miss. 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id*. (citing *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

In his IFP application, Plaintiff indicated income of approximately $2,912.00. He also owns a 2022 Kia Soul and a one-third share of his family home. He identified monthly expenses totaling approximately $2,500.00. Based on the foregoing, the undersigned finds that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. The Court notes that on December 21, 2021, and again on June 8, 2022, Plaintiff filed lawsuits making similar allegations against the US Marshal's Service and Task Force. *See Shepard v. US Postal Inspection Service et al*, 2:21-cv-106-KS-MTP; *Shepard v. US Marshal Service and Task Force*, 2:22-cv-73-RPM. In both of those cases, Plaintiff's IFP applications included similar monthly income and expense information; the applications were denied by the court.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's Motion [2] for Leave to Proceed *in forma pauperis* be denied and that Plaintiff be given a deadline to pay all costs associated with the filing of this lawsuit.

2

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of June 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE